UNITED STATES COURT OF APPEALS
for the FIFTH CIRCUIT
_____

CASE NO.: 22-30547
_____

Stacey Badon, on behalf of herself and all those similarly situated; Altravese Gardner; Bernette Kinard; Chanell K. Wilson; Deborah Ann Carson; Dereinisha N. Johnson; Diane Jones; Gloria Williams; Helen Hudson; Kwane Harris; Rachel Williams; Shena Day; Sheneatha Baptiste; Tineka Benn; Treonda Irvin; Francis F. Paz Pessoa; Francine Veal Dixon; Mary Morgan; Rena Lyons; Terry Watson; Chandonais Banks,

      Plaintiffs-Appellees,

v.

Berry's Reliable Resources, L.L.C.; Rhonda Williams,

      Defendants -Appellants

_____

Anthony Badon,

      Plaintiff-Appellee

v.

Berry's Reliable Resources, L.L.C.; Rhonda Williams,

      Defendants-Appellants,

_____

Francine Dixon, on behalf of herself and all those similarly situated,

      Plaintiff-Appellee

v.

Berry's Reliable Resources, L.L.C.; Rhonda Williams; Tyese Berry; Raeon Williams,

                Defendants-Appellants

_____

On Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-12317
USDC No. 20-CV-584
USDC No. 21-CV-596
_____

MOTION FOR RECONSIDERATION
DEFENDANTS-APPELLANTS' EXPEDITED MEMORANDUM IN SUPPORT
OF THEIR MOTION TO QUASH AND/OR STAY PLAINTIFFS' WRIT OF
GARNISHMENT

Petitioners, through undersigned counsel, Defendants-Appellants Berry's Reliable Resources, LLC, Rhonda Williams, Tyese Berry and Raeon Williams in accordance with FRAP Rule 27, who submits this Motion for Reconsideration from the judgment rendered by the circuit panel on July 21, 2023 denying appellants motion to stay and motion to quash Plaintiffs' Writ of Garnishment. Petitioners avers that rehearing is warranted pursuant to 28 U.S.C. § 46(c) as cited in Western Pacific Ry. Corp. Western Pacific Ry. Corp. 345 U.S. 247, 735 S. Ct. 656, 97 L. Ed. 986 (1953), and should be granted for the following reasons:

2

1. A FRAP Rule 27 for Motion for Reconsideration determination is sought and necessitated to maintain the uniformity of the court because the interlocutory judgment does not comport with precedent or stare decisis of the United States Supreme court.

2. The case or controversy involves a question of exceptional importance due to the impact of the panel judges' disposition though the opinion was unpublished.

## FACTUAL AND PROCEDURAL BACKGROUND

The district court issued a post-trial order awarding attorney fees and garnishment to plaintiffs though divested of jurisdiction subsequent the timely filing of a notice of appeal to the fifth circuit court of appeals from a final judgment rendered on October 7, 2022. Defendants appealed the judgment on August 23, 2023, as a matter of right in accordance with FRAP Rule 3. The Fifth Circuit Court of Appeals has jurisdiction over the case divesting the district court. ***Renaldo v. Corbett,*** 256 F.3d 1276, 1278 (11th Cir. 2001).

Pursuant to FRAP Rule 3 and 4(a)(1) a notice was filed withing 30 days as required by law. **Effect of a Notice of Appeal:** A district court lacks jurisdiction, i.e., authority, to act after the filing of a timely notice of appeal except for action in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed. R. App. P. 4(a)(4) which is inapplicable in this appeal.

Defendants are asking the panel judges to revisit the procedural law controlling this appeal found in the recent decision by U.S. Supreme Court through **Coinbase, Inc. v. Bielski**, 22-105 (June 23, 2023), which provided an automatic stay. The entity Berry's Reliable Resource, LLC contracts with the State of Louisiana to provide healthcare services to the general public. The post-trial order of the district court authorized plaintiffs' garnishment through the billable wages of the company which tortuously affects its entire business operation, management staff, employees, and contractors' abilities to perform healthcare services and fulfill its duties and obligations under the terms and conditions of the agreement with the state. Counsels for plaintiffs are aware that their action are indirect conflicts with the recent decision by the U.S. Supreme Court in **Coinbase, Inc. v. Bielski**, 22-105 (June 23, 2023).

Defendants contend that such practice circumvents their due process secure in the 5th and 14th Amendments procedural and substantive due process right. This case or controversy contains a question of exceptional importance in that garnishment of its wages tantamount to dissolution of providing services to citizens of the state of Louisiana with mandatory and major life activities need for assistance.

Precedent of the U.S. Supreme court, Circuit courts of the United States and this court has well established the issue involved in this case requiring rehearing to secure and maintain uniformity.

Defendants, Berry's Reliable Resources, LLC, Rhonda Williams, Tyese Berry and Raeon Williams, move to quash and stay the Plaintiffs' Writ of Garnishment by Anthony Badon, Stacey Badon, Francine Dixon, Altravese Gardner, Treonda Irvin, Dereinisha N. Johnson, Rena Lyons, Francis F. Paz Pessoa, and Glora Williams. Defendants also move to stay all district court actions pending appeal.

These consolidated cases concerning Badon v. Berry's Reliable Resource, LLC, cases 19-3127 c/w 20-584 c/w 21-596 were tried on August 15-17, 2022. District Court's final judgment was filed on October 6, 2022. Magistrate judge's report and recommendations were filed on November 17, 2022. Defendants' objections to magistrate judge's orders were due and filed on December 1, 2022. On January 25, 2023, the District Court entered its decision concerning plaintiff's motion for Attorneys' Fees, Costs and Liquidated Damages. Thereafter, defendants appealed the judgment timely.

Louisiana Department of Health received garnishment order from United States District Court for the Eastern District of Louisiana on June 13, 2023 concerning defendants' Medicaid payments. Defendants-Appellants, Berry's

Reliable Resources, L.L.C., Rhonda William, Raeon Williams and Tyese Berry seek the issuance of cease-and-desist order to the Louisiana Department of Health immediately restraining and enjoining Mary Jackson and Jody Jackson and/or JACKSON & JACKSON law firm from collection activities of garnishment of Medicaid payments in their possession, custody and control for health care services rendered for the benefit of consumers of the entity. The garnishment was instituted by executory process in violation of the FRAP Rule 3 and 4 and infringes on the defendants' procedural and substantive due process rights under the United States and Louisiana constitution.

## GROUNDS TO QUASH

Pursuant to §46:73 Motion to quash writ of garnishment, defendants move this honorable court to quash writ of garnishment because district court's jurisdiction has stayed do the appeals court now have jurisdiction. As stated above, defendants filed a timely appeal in this matter. The Fifth Circuit Court of Appeals has provided deadlines. As such, the Plaintiffs' writ of garnishment should be quashed.

## GROUNDS TO STAY

The US Supreme Court has settled the question of whether an interlocutory appeal of the denial of a motion to compel arbitration pursuant to section 16(a) of the Federal Arbitration (FAA) automatically stays the district court proceedings.

In a highly anticipated 5-4 decision, the Court ruled that it does. Justice Kavanagh's succinct opinion in **Coinbase, Inc. v. Bielski**[1] lays out what he calls the majority's "common sense" holding, which resolved a decades-long circuit split.

The US Supreme Court granted certiorari to determine whether the district court proceedings ought to have been stayed pending the plaintiff's interlocutory appeals, and to resolve move generally the split among the circuits over the question of a mandatory stay rule. Justice Kavanaugh delivered the opinion of the Court. When a federal district court denies a motion to compel arbitration, the losing party has a statutory right to interlocutory appeal. See 9 U.S.C. §16(a). The sole question here is whether the district court must stay its pre-trial and trial proceedings while the interlocutory appeal is ongoing. The answer is yes: The district court must stay its proceedings.

The court in **Gallo v. Air & Liquid Sys. Corp.** (S.D. Tex. 2023) clearly stated the US Supreme Court reasoning in **Coinbase, Inc. v. Bielski**, 599 U.S. --, 2023 WL 4138983, at (U.S. June 23, 2023), that district court must stay its proceedings while an appeal, an interlocutory appeal is ongoing. In this case, the defendants timely filed an appeal from a final judgment. As such, this matter must be stay until the appeal matter is resolved.

---

[1] Coinbase, Inc. v. Bielski, 22-105 (June 23, 2023).

The Court in **T.T. Int & #39; l Co. v. BMP Int & #39;1** (M.D. Fla. 2023), clearly stated the US Supreme Court reasoning in **Coinbase, Inc. v. Bielski** No. 22-105, 2023 WL 4138983 (U.S. June 23, 2023), lease the court without discretion to deny a request stay. *Id*. at 4. Plaintiff argues that the Court can, and should, deny defendants' request stay based on frivolity considerations.

The Court is constrained by the **Coinbase** Court's reiteration of the rule that "[a]n appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" 2023 WL 413898 at *3. And the Court in **Coinbase** discussed Plaintiff's contention about frivolous appeals and discounted it, at least vis-à-vis trial court stays. *Id*. At *5.

Pursuant to Federal Rules of Appellate Procedure Rule 8 (a) Motion to stay (1) Initial Motion in the District Court. A party must ordinarily move first in the District for following relief:

(A) A stay of the judgment or order of a district court pending appeal;

(B) Approval of a bond or other security provided to obtain a stay of judgment; or

(C) An order suspending, modifying, restoring, or granting an injunction while an appeal is pending.

As per the appending appeal of this matter, this court should stay the Plaintiffs' writ of garnishment.

## CONCLUSION

For the foregoing reasons, the Defendants respectfully request the Court to quash and/or stay the Plaintiffs' Writ of Garnishment filed in the District Court by Anthony Badon, Stacey Badon, Francine Dixon, Altravese Gardner, Treonda Irvin, Derinisha N. Johnson, Rena Lyons, Francis F. Paz Pessoa, and Gloria Williams.

Defendants further request that this matter be stayed pursuant to the recent decision by the US Supreme Court in **Coinbase, Inc. v. Bielski** in which the Court's ruling provides mandatory stay order for an appeal, and interlocutory appeal. As such, this matter must be granted, and plaintiffs' garnishment stay.

Respectfully Submitted:

/s/ Larry M. Aisola, Jr.
Larry M. Aisola, Jr. (L.S.B.A.#27934)
208 W. Judge Perez Drive
Chalmette, Louisiana 70043
Telephone: (504) 913-6182
Telecopier: (504) 682-6668
LawLMAJ@aol.com

## **CERTIFICATE OF SERVICE**

I hereby certify that; I electronically filed the foregoing appeal on this 11th day of August, 2023 through the appellate court clerk of court office by using the ECF filing system which will send notification of its filing to all opposing counsel of record.

/s/ Larry M. Aisola, Jr.<br>
Larry M. Aisola, Jr.

## CERTIFICATE OF CONFERENCE

As required by Louisiana Rule of Appellate Procedure, 5th CIR. R. 27.4, I certify that I have conferred, or made a reasonable attempt to confer, with all other parties, (Jody Jackson and Mary Jackson) which are listed below-about the merits of this motion with the following results:

On August 10, 2023, I spoke with Mary Jackson via email, and she does oppose the motion to quash and/or stay.

/s/ Larry M. Aisola, Jr.<br>
Larry M. Aisola, Jr.

## CERTIFICATE OF COMPLIANCE

Pursuant to FRAP Rule 32.2 and 32.4, the undersigned certifies this brief complies with the typed volume limitations of Fed. R. App. P. 32(a)(7). According to the word and line count of the word processor used to prepare this brief, the brief contains 1963 words and 260 lines of texts in proportionately spaced typeface

using Microsoft Word, in Times New Roman 14 pt. font. The undersigned understands that there was a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in F.R.A.P. 32. (a)(7) may result in the court's striking brief and imposing sanctions against the person signing the brief.

/s/ Larry M. Aisola, Jr.
Larry M. Aisola, Jr.

ORDER

CONDSIDERING Defendants' Motion Quash and/Stay Plaintiffs' garnishment:

IT IS HEREBY ORDERED that the Defendants' Motion to Quash is hereby Granted.

IT IS FURTHER HEREBY ORDERED that the defendants' Motion to Stay is hereby Granted.

New Orleans, Louisiana the _____ day of August, 2023.

_____
UNITED STATES 5TH CIR. COURT APPEALS