IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
FOR THE UNITED STATES OF AMERICA

---

Case No. 22-30547

———————————————————————

Stacey Badon, on behalf of herself and all those similarly situated; Altravese Gardner; Bernette Kinard; Chanell K. Wilson; Deborah Ann Carson; Dereinisha N. Johnson; Diane Jones; Gloria Williams; Helen Hudson; Kwane Harris; Rachel Williams; Shena Day; Sheneatha Baptiste; Tineka Benn; Treonda Irvin; Francis F. Paz Pessoa; Francine Veal Dixon; Mary Morgan; Rena Lyons; Terry Watson; Chandonais Banks,

      Plaintiffs - Appellees

v.

Berry's Reliable Resources, L.L.C.; Rhonda Williams,

      Defendants - Appellants

———————————————————————

Anthony Badon,

      Plaintiff - Appellee

v.

Berry's Reliable Resources, L.L.C.; Rhonda Williams,

      Defendants – Appellants

———————————————————————

Francine Dixon, on behalf of herself and all those similarly situated,

      Plaintiff - Appellee

v.

Berry's Reliable Resources, L.L.C.; Rhonda Williams; Tyese Berry; Raeon Williams,

      Defendants – Appellants

———————————————————————

On Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-12317
USDC No. 20-CV-584
USDC No. 21-CV-596

**OPPOSITION TO MOTION FOR RECONSIDERATION OF THIS COURT'S DENIAL OF APPELLANTS' MOTION TO QUASH AND/OR STAY WRIT OF GARNISHMENT**

NOW INTO COURT through undersigned counsel, come Plaintiffs-Appellees, who submit the following Opposition to the Motion for Reconsideration of this Court's denial of Appellants' Motion to Quash and/or Stay Writ of Garnishment filed by Defendants-Appellants. As was its initial request to quash or stay the execution of the writ of garnishment, Defendants' motion requesting that this Court reconsider its denial of that motion is unfounded in law and in fact and should be denied.

## Background

This matter arises out of Appellees' claims under the Fair Labor Standards Act, 29 U.S.C. 201, et seq. After a two and a half-day jury trial, the jury ultimately awarded Appellees damages for unpaid overtime and unpaid minimum wages under the FLSA and wrongfully withheld final wages under the FWPA, as well as bad faith penalties under the FWPA. The jury also awarded Francine Dixon damages due to Appellants' termination of her for seeking to enforce her rights to overtime pay under the FLSA. In post-trial motion practice, the magistrate judge recommended that

2

Appellees be awarded liquidated damages on their FLSA awards and mandatory attorneys' fees and costs under the FLSA; both awards were upheld by the district court. Appellants filed a timely Notice of Appeal on November 7, 2022 and an Amended Notice of Appeal on February 24, 2023.

Defendants-Appellants did not post a supersedeas bond or make any effort to comply with the requirements of Rule 62 to obtain a stay of judgment. It was only after Plaintiffs-Appellees properly moved to execute on the judgment that Defendants-Appellants moved to quash the writ of garnishment or stay the execution of the judgment. Because Defendants again failed to post a bond or comply with any of the requirements of Rule 62 ,the district court denied their efforts to make an end-run around the Federal Rules of Civil Procedure. Defendants-Appellants sought the same from this Court on July 14, 2023, which was denied on July 21, 2023.

They now ask this Court to reconsider its prior denial based on a tortured misreading of the Supreme Court's decision in *Coinbase, Inc. v. Bielski*,[1] which stayed a case pending the appeal of an order granting a motion to compel the matter to arbitration. That case (and *Gallo v. Air & Liquid Sys. Corp.*, 2023 WL 5108647 (S.D. Tex. 2023) which Defendants also cite) was narrow in scope and application, applied only to the limited situation where a motion to compel arbitration has been

---

[1] 599 U.S. --, 2023 WL 4138983 (U.S. June 23, 2023).

denied and that interlocutory order has been appealed and has no application to the instant matter where Appellants are appealing a final jury verdict in Appellees' favor. The law in the current circumstance is clear: absent the posting of a supersedes bond, which Appellants have still failed to do, despite the fact that one can be posted at any time to delay the execution of the judgment (of note ***Appellees would not oppose the posting of the appropriate bond to be approved by the Court***) a prevailing party may execute on a judgment in their favor even while an appeal of that judgment is pending. Appellants' motion should be denied.

## **LAW AND ARGUMENT**

**A. The Supreme Court's Decision in *Coinbase* Does Not Stand for the Principle Appellants' Espouse**

On June 23, 2023, the U.S. Supreme Court decided *Coinbase, Inc. v. Bielski*, holding that litigation in district court is automatically stayed when a party appeals the denial of a motion to compel arbitration. 2023 WL 4138983. Appellees note that this decision was issued prior to the date Appellants moved for their motion to quash or stay execution of the judgement in Appellees' favor and thus, they should have raised it in their initial motion. Nonetheless, even if they had properly raised this argument, the *Coinbase* decision has no bearing on the present matter.

Even on its merits, *Coinbase* concerns a factual pattern radically different from the instant matter. When a federal district court denies a motion to compel

4

arbitration, the losing party has a statutory right to an interlocutory appeal under the Federal Arbitration Act. *Id.* The question in the *Coinbase* case was whether the district court must stay its pre-trial and trial proceedings while the interlocutory appeal is ongoing. *Id*. In deciding in the affirmative, the Supreme Court observed that allowing district courts to move forward during the interlocutory appeal would reduce the benefits of arbitration. "If the district court could move forward with pre-trial and trial proceedings while the appeal on arbitrability was ongoing, then many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost." *Id*.

Thus, the issue before the Supreme Court was narrow: when arbitration has been denied, the case should be stayed pending appeal because the very essence of moving forward would invalidate the benefit of arbitration. The Supreme Court did not overturn decades of precedent and hold that any appeal automatically stays the execution of a final judgment, and indeed, such a holding would fly in the face of firmly established statutory and case law authority. Rule 62 of the Federal Rules of Civil Procedure and Rule 8 of the Federal Rules of Appellate Procedure govern when a stay of execution of a judgment is appropriate. Appellants have failed to comply with any of those requirements. As such, their motion should be denied.

### B. Appellants Have Not Complied with Any of the Requirements of FRCP 62 or FRAP 8 to Obtain a Stay of Execution of the Judgment

Defendants additionally rehash their previous bases their request for relief. For the same reasons this Court denied Appellants' motion relying on these bases of relief previously, they should deny their motion for reconsideration on the same grounds.

### 1. Defendants-Appellants are Not Entitled to Relief Under Federal Rule of Appellate Procedure 3 or 4

Neither Federal Rule of Appellate Procedure 3 nor 4 relates to the ability of a successful litigant to execute on the judgment. A litigant's ability to successfully suspend the ability to execute on a judgment is governed by Federal Rule of Civil Procedure 62 or Federal Rule 8 of Appellate Procedure. The law is abundantly clear that where a notice of appeal is filed but the appealing party "did not post a supersedeas bond or obtain a stay of the judgment pending appeal," the judgment creditor "may treat the judgment as final and execute upon it," and "[i]f a judgment may be executed upon after an appeal has been filed," then district court jurisdiction over the "execution is not precluded by the filing of an appeal." *Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 250 (11th Cir. 1982); *see also*); *American Grain Association v. Lee-Vac, Ltd.,* 630 F.2d 245, 247 (5th Cir. 1980); 9 J. Moore, *Federal Practice* ¶ 208.03 (1982). Rule 62 in pertinent part,

provides that a judgment creditor may not execute on the judgment within 30 days of it being entered unless the Court has ruled otherwise (Fed.R.Civ.P. 62(a)), for the entry of a stay of enforcement upon the posting by the judgment debtor of a supersedeas bond (Fed.R.Civ.P. (b)), or for the entry of a stay of execution if such a stay would be allowed under state law (Fed.R.Civ.P. (f)). Although the Rule 62(a) 30-day is automatic, a party must request and be granted a stay under Rule 62(b) (formerly Rule 62(d)) by way of seeking approval of the amount of the bond or Rule 62(f).

"Rule 62(d) establishes a general rule that losing parties in the district court can obtain a stay pending appeal only by giving a supersedeas bond." *MM Steel, L.P. v. JSW Steel (USA) Inc.,* 771 F.3d 301, 303 (5th Cir. 2014). Under the current version of the rule, the bond may be given at any time. Fed. R. Civ. P. 62(b). "The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of final judgment." *Hebert v. Exxon Corp.,* 953 F.2d 936, 938 (5th Cir. 1992). The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security. *See Vahora v. Valley Diagnostics Lab., Inc.,* No. 1:16-cv-01624, 2019 WL 5960204, at *1 (E.D. Cal. Nov. 13, 2019) (collecting cases); *see also Poplar Grove Planting Refining Co. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1190-91 (5th Cir. 1979) (interpreting predecessor to Rule 62(b)); *Arban v.*

*West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (Rule 62(d) gives an appellant a right to a stay pending appeal, provided the appellant posts a satisfactory supersedeas bond).

The automatic 30-day stay of the execution on the judgment in Plaintiffs-Appellees' favor expired on November 7, 2022. Neither Defendants-Appellants nor their counsel have posted a supersedeas bond or sought approval of such, nor have they obtained a stay under Rule 62(f) (or any other provisions of Rule 62 or Federal Rule of Appellate Procedure 8). Therefore, they are not entitled to a stay of the execution of the judgment pending appeal. *See Eurasia Intl. Ltd. v. Holman Shipping Inc.,* 411 F.3d 578, 585 (5th Cir. 2005) (where judgment debtor did not post supersedeas bond, it was not entitled to a stay pending appeal); *see also Acevedo-Garcia v. Vera-Monroig*, 368 F.3d 49, 58 (1st Cir. 2004); *Almeida-León et al., v. WM Capital Management, Inc*., 2020 WL 2843025 (D. Puerto Rico. May 20, 2020) ("The federal rules contemplate that, absent a stay, a victorious plaintiff may execute on the judgment even while an appeal of that judgment is pending"); *Bayside Const., LLC v. Smith*, 2022 WL 981230 (Dist. Ct. Virgin Islands March 1, 2022).

Because Defendants-Appellants did not post a bond or receive a stay of execution, the filing of an appeal does not preclude the execution of the judgment in Plaintiffs' favor.

## 2. Defendants-Appellants are Not Entitled to a Stay Pursuant to Rule 8

Defendants-Appellants cite to the portion of Federal Rule of Appellate Procedure 8 that discusses moving for a stay before the district court, and Defendants-Appellants did seek a stay in the district court, but it was denied because they failed to comply with the requirements of Rule 62.

Rule 8(a)(2) also sets forth the requirements for a litigant to seek a stay of execution in the appellate court. It provides in pertinent part:

> A motion for the relief mentioned in Rule 8(a)(1) may be made to the court of appeals or to one of its judges.
>
> (A) The motion must:
>   (i) show that moving first in the district court would be impracticable; or
>   (ii) state that, a motion having been made, the district court denied the motion or failed to afford the relief requested and state any reasons given by the district court for its action.
> (B) The motion must also include:
>   (i) the reasons for granting the relief requested and the facts relied on;
>   (ii) originals or copies of affidavits or other sworn statements supporting facts subject to dispute; and
>   (iii) relevant parts of the record.
> (C) The moving party must give reasonable notice of the motion to all parties.
> (D) A motion under this Rule 8(a)(2) must be filed with the circuit clerk and normally will be considered by a panel of the court. But in an exceptional case in which time requirements make that procedure impracticable, the motion may be made to and considered by a single judge.

(E) The court may condition relief on a party's filing a bond or other security in the district court.

Here, Defendants-Appellants have failed to comply with any of the requirements of Rule 8(a)(2). As such, Defendants-Appellants' motion should be denied.

*/s/ Mary Bubbett Jackson*
Mary Bubbett Jackson, 29110
JACKSON+JACKSON
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F: (888) 988-6499
E: mjackson@jackson-law.net
*Attorney for Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

I, Mary Bubbett Jackson, certify that today, August 14, 2023, a copy of the foregoing Opposition to Motion for Reconsideration was served upon Larry Aisola, Esq. via the Court's electronic filing system.

*/s/ Mary Bubbett Jackson*
Mary Bubbett Jackson

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Word in 14-size font in Times New Roman and contains 2256 words.

*/s/ Mary Bubbett Jackson*